**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK GEOVANNI HENRIQUEZ-MEJIA, | No.   20-70342 |
| Petitioner, | Agency No. A088-512-501 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
Las Vegas, Nevada

Before:  BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,*** District Judge.

Petitioner Erick Geovanni Henriquez-Mejia, a native and citizen of El

Salvador, petitions for review of an order of the Board of Immigration Appeals

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***       The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

("BIA") dismissing his appeal from an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Henriquez-Mejia challenges the agency's denial of his application for withholding of removal and the BIA's refusal to address, in the first instance, his proposed particular social group. Because the BIA adopted and affirmed the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both the IJ's and the BIA's decisions. *See Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We review the agency's denial of withholding of removal for substantial evidence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Withholding of removal is proper if the petitioner's "life or freedom would be threatened" in the country of removal "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Eligibility for withholding of removal requires a nexus between persecution or feared persecution and "one of five protected statutory grounds." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

The agency did not err in declining to address Henriquez-Mejia's membership-in-a-social-group claim in the first instance. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) ("[T]he Board may apply a procedural default rule to arguments raised for the first time on appeal."). An applicant for withholding

2

of removal "must clearly indicate on the record before the Immigration Judge what enumerated grounds [he] is relying upon in making [his] claim." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (citation modified). "Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of [his] claim, [he] has the burden to clearly indicate the exact delineation of any particular social group(s) to which []he claims to belong." *Id.* (citation modified). Henriquez-Mejia did not clearly indicate to the IJ that he planned to rely upon his membership in a particular social group. *See id*. Instead, Henriquez-Mejia checked the box on his application that he was seeking withholding of removal based upon his political opinion—not on his membership in a particular social group. Even if Henriquez-Mejia had properly raised the ground of membership in a particular social group, he did not meet his burden to indicate clearly the exact delineation of a social group for which he was persecuted. *See id*. Henriquez-Mejia's testimony suggests that he was targeted because of his work as a mechanic and because of a perception that he had money. Henriquez-Mejia also testified that "they started asking [him] for more money because [his] mother came to visit [him]" from the United States. While Henriquez-Mejia's testimony does show that he believed that he was targeted for having money or for working at a shop, his testimony does not clearly delineate any particular social group that may have formed the basis of persecution. *See id*.

3

Furthermore, even if the IJ believed that Henriquez-Mejia's testimony was indicative of his membership in a social group, nothing in the record suggests that the particular social group is business owners in El Salvador, as Henriquez-Mejia's brief suggests. Henriquez-Mejia cites *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), in support of the notion that landowners may form a particular social group. But nothing in Henriquez-Mejia's testimony suggests that he ever owned the shop or the land. Rather, Henriquez-Mejia's testimony shows only that he was allowed to be "in charge" of the business, that he was a manager or a supervisor, and that his boss spent less time in the shop.

Accordingly, the BIA properly concluded that the IJ was not put on notice of Henriquez-Mejia's persecution due to his membership in a social group, and thus the BIA properly declined to address Henriquez-Mejia's claim of membership in a particular social group in the first instance. Because "[t]he lack of a nexus to a protected ground is dispositive of" the withholding of removal claim, we need not address Henriquez-Mejia's challenge to the agency's determination that he failed to demonstrate past or future persecution. *See Honcharov*, 924 F.3d at 1296–97.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.